IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| STEVE CROWLEY, *et al.*, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> COMMISSIONER RICHARD S. § <br> KEEN, *et al.*, § <br> § <br> Defendants. § | Civil Action No. 7:18-cv-00032-O |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Plaintiffs' Emergency Motion for Temporary Restraining Order and Application for Temporary Injunction (ECF No. 19), filed on August 6, 2018; Responses filed by Defendant Clay County, Texas ("Clay County") (ECF No. 21) and Defendant Richard S. Keen ("Keen") (ECF No. 22), both filed on August 8, 2018; and Plaintiffs' Reply (ECF No. 23), filed on August 9, 2018. United States District Judge Reed O'Connor referred the Motion and all responses, replies, briefs, and appendices to the undersigned pursuant to 28 U.S.C. § 636(b) by order entered on August 10, 2018 (ECF No. 24). After reviewing the pleadings and applicable law, and considering the arguments of counsel, the undersigned RECOMMENDS that Judge O'Connor DENY Plaintiffs' Motion.

**I.   BACKGROUND**

Keen is the elected Commissioner of Precinct Four of Clay County. (ECF No. 1 at 3). His responsibilities as a county commissioner include overseeing county employees on a road crew that is responsible for the maintenance and construction of county roads in his precinct. (*Id.*) Plaintiffs are members of that road crew. (ECF No. 19 at 2).

Plaintiffs allege that in the past Keen routinely brought his small caliber and 9mm pistols to work. (ECF No. 1 at 3). He allegedly brandished his handgun and dry fired it while pointing the unloaded weapon in the Plaintiffs' direction on numerous occasions. (*Id.*). Keen allegedly threatened Plaintiff Stack that he would shoot him after being displeased with how Plaintiff Stack performed his job duties. (*Id.* at 5). Plaintiffs claim that Keen fired his loaded handgun into the air, at trees, and toward ditches. (*Id.* at 6). Plaintiffs further allege that Keen jabbed Plaintiff Crowley in the stomach with the pointed end of a knife. (*Id.* at 8). All of the conduct alleged by the Plaintiffs occurred prior to the beginning of 2018.

Following an investigation by the Texas Rangers, Keen turned himself in to law enforcement authorities on October 13, 2017. (*Id.*). He was released on a personal recognizance bond, and the Plaintiffs assert that one of the conditions of that bond was that he should refrain from being in the vicinity of county employees. (*Id.*). On December 18, 2017, a grand jury indicted Keen on three counts of deadly conduct. (*Id.*). On July 26, 2018, the presiding judge of the 97th Judicial District Court of Clay County dismissed the three pending criminal charges on the motions of the District Attorney. (ECF No. 22-1 at 2-4). Plaintiffs allege that they are no longer protected at work from Keen's potential misconduct and that they face the prospect of continued threats of physical harm. (ECF No. 1 at 10).

Plaintiffs seek to recover from Keen and Clay County under 42 U.S.C. § 1983 for alleged violations of their rights to be free from invasion of their bodily integrity as guaranteed by the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. They also allege common law assault and intentional infliction of severe emotional distress against Keen and seek injunctive relief, damages, and attorney's fees.

Plaintiffs have requested the Court to enter a temporary restraining order requiring Keen to remain at least 500 feet away from Plaintiffs or prohibiting him from having any contact with

Plaintiffs. (ECF No. 19 at 1). As ordered by the Court (ECF No. 25), the undersigned conducted a hearing on Plaintiffs' Motion on August 13, 2018. Counsel for all parties attended and presented oral argument.

## II. LEGAL STANDARD

To obtain a temporary restraining order, Plaintiffs must satisfy the following four requirements that apply to an application for temporary injunctive relief:

> (1) A substantial likelihood that the movant will prevail on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the injunction will not disserve the public interest.

*Texas v. United States*, 95 F. Supp. 3d 965, 973 (N.D. Tex. 2015) (citing *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013). The party seeking injunctive relief must clearly carry the burden of persuasion on all four prerequisites to prevail. *Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985). "A TRO is 'simply a highly accelerated and temporary form of preliminary injunctive relief.'" *CompuCom Systems, Inc. v. WJ Global, LLC*, No. 3:14-CV-3625-L, 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014) (citing *Hassani v. Napolitano*, No. 3:09-CV-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009).

## III. ANALYSIS

1. <u>Plaintiffs have not shown a substantial likelihood of success on the merits</u>.

For the Plaintiffs to prove a substantial likelihood of success on the merits, they need not prove their case to the same standard that would be necessary to obtain summary judgment. *Daniels Health Scis.*, 710 F.3d at 582. "When the other factors weigh strongly in favor of an injunction, a 'showing of some likelihood of success on the merits will justify temporary injunctive relief.'" *Monumental Task Committee, Inc. v. Foxx*, 157 F. Supp. 3d 573, 585 (E.D. La. 2016)

(citing *Productos Carnic, S.A. v. Cent. Am. Beef & Seafood Trading Co.*, 621 F.2d 683, 686 (5th Cir. 1980)). The Plaintiffs have made serious allegations of misconduct against Keen, including that he (i) brandished his handgun and dry fired it while pointing the unloaded weapon in the Plaintiffs' direction; (ii) shot his loaded handgun toward the air, trees, and ditches in the Plaintiffs' presence; (iii) threatened Plaintiff Stack that he would shoot him with his handgun; and (iv) jabbed Plaintiff Crowley in the stomach with the pointed end of a knife. (ECF No. 1 at 3, 5-6, 8). The Plaintiffs also attached photographs to their Complaint which purport to depict Keen spinning a handgun on his finger "like a western gunfighter" and show a handgun located on Keen's desk at work with the barrel pointed away from where Keen would sit. (*Id.* at 4, 7). Plaintiffs have supported their allegations with affidavits. (ECF Nos. 19-1 and 19-2).

Keen has denied the allegations made by the Plaintiffs and has alleged as an affirmative defense of the election of remedies provision of section 101.016 of the Texas Civil Practice and Remedies Code, among other defenses. (ECF No. 12).

In support of their claim of success on the merits, the Plaintiffs have cited *Hawkins v. Holloway*, 316 F.3d 777, 787 (8th Cir. 2003) ("an official's threat to employ deadly force for no legitimate reason rises to a substantive due process violation") and *Cohen v. Coahoma Co., Miss.*, 805 F. Supp. 398, 403 (N.D. Miss. 1992) ("Official coercion by fear of physical abuse, *i.e.* torture, has long been recognized as a denial of due process"). These cases, though instructive, are distinguishable from the facts here and are not binding precedent in any event. In *Hawkins*, the defendant sheriff's offensive and inappropriate touching, gun-pointing, and other unacceptable and outrageous conduct went far beyond the actions alleged of Keen in this case. In *Cohen*, the court considered a claim that law enforcement officers coerced inmates by whipping them with cables. There is no allegation or proof of such physical abuse by Keen. The actionable conduct noted by

4

the courts in *Hawkins* and *Cohen* is certainly greater in scope, seriousness, and direct physical impact on the complaining plaintiffs than Keen's conduct here.

Although the Plaintiffs assert serious allegations of misconduct and recklessness against Keen that might entitle them to relief if proven at trial, the undersigned cannot conclude based on the limited evidence presented that the Plaintiffs have established a substantial likelihood of success on the merits of their claims against him for violating their constitutional rights, for assaulting them, or for intentionally inflicting severe emotional distress on them. The current state of the record is not sufficient to show a serious violation of the Plaintiff's constitutional rights to bodily integrity or other violations of Texas tort law such that there is a substantial likelihood that the Plaintiffs will prevail at trial.

2. <u>Plaintiffs did not prove that there is a substantial threat of irreparable and immediate injury absent injunctive relief</u>.

Plaintiffs correctly assert that federal courts have long recognized that the violation of a constitutional right presents an irreparable harm. S*ee Elrod v. Burns*, 427 U.S. 347, 373-374 (1976). Here, Plaintiffs have not proven a substantial threat of an immediate threat to their constitutional rights. They seek a temporary restraining order to prevent a speculative injury that might or might not occur: an accidental shooting by Keen. Plaintiffs have not proven that they will suffer immediate harm absent injunctive relief because they have not alleged that Keen committed any acts of misconduct or recklessness in the recent past, or even in 2018. Plaintiffs' affidavits show that Keen did not harm them when his personal recognizance bond was still in place and they encountered him on a few occasions earlier in 2018.

Plaintiffs do not allege and have not presented evidence that any acts of misconduct or recklessness by Keen are ongoing or are likely to occur in the future. Given the pendency of the current action, it seems unlikely that Keen would engage in any bad conduct in the future that

could be used as evidence against him here. Since Plaintiffs alleged and offered evidence of acts that occurred in 2017, and the record does not contain evidence of any more recent alleged bad acts, the Plaintiffs have not proven a substantial threat of irreparable or immediate injury unless the Court grants the requested relief.

    3. <u>Plaintiffs did not prove that by granting injunctive relief, other interested parties will not be significantly harmed</u>.

Keen's term as county commissioner expires on January 1, 2019. (ECF No. 19 at 2-3). At the hearing on the Motion, his counsel represented to the Court that his only physical office is located at the maintenance barn in Bellevue, Texas, where the Plaintiffs also report to work each day. If the Court granted the Motion and ordered that he stay 500 feet or more away from the Plaintiffs, Keen would be prevented from working in his office and would be hampered in his supervision of other county employees who are stationed at his precinct maintenance barn. His rights of assembly, worship, and free association would also be affected if he were placed under a distance restriction and had to remain such a long distance away from the Plaintiffs in any and all situations, whether at work, at church, or elsewhere. Also, the people of Clay County could be significantly impacted if the Court imposed this restriction because they will not receive the full benefits provided by Keen, whom they elected, since he would not be able to adequately perform his job duties. It is true that the citizens of the county have an interest in their elected officials not violating the constitutional rights of county employees or assaulting or inflicting distress on those employees, but that interest must also be viewed along with the citizens' right to have their elected officials perform the duties of the offices to which they were elected. Based on the evidence presented, Plaintiffs did not prove that by granting injunctive relief, other interested parties will not be significantly harmed.

4.  <u>Plaintiffs did prove that the public interest will be served by granting injunctive relief</u>.

For the reasons stated in the previous paragraph, the undersigned concludes that the Plaintiffs did not prove that the public interest would be served by granting the temporary restraining order requested in the Motion.

## IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that United States District Judge Reed O'Connor DENY Plaintiffs' Emergency Motion for Temporary Restraining Order (ECF No. 19).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed August 15, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE